UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KATHERINE E. MELTON,<br><br>                  Plaintiff,<br><br>    v.<br><br>STEPHANEE R. LAWSON,<br><br>                  Defendant. | Case No. 3:23-CV-00020-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 1] |

Before the Court is Plaintiff Katherine Melton's ("Melton"), application to proceed *in forma pauperis* (ECF No. 1), and her *pro se* complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Melton's *in forma pauperis* application, (ECF No. 4), be granted, and his complaint, (ECF No. 1-1), be dismissed, without prejudice.

**I.     *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Melton cannot pay the filing fee; therefore, the Court recommends that the application, (ECF No. 1), be granted.

## II.    SCREENING STANDARD

Prior to ordering service on any defendant, the court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir.

2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. SCREENING OF COMPLAINT

In her complaint, Melton sues Defendant Stephanee Lawson ("Lawson") for (1) defamation, (2) slander, (3) libel (citing NRS 200.510 – Nevada criminal libel statute), (4) criminal elder abuse (citing NRS 200.5099 – Nevada statute discussing criminal penalties for exploitation of older person), and (5) financial exploitation. (ECF No. 1-1.) Melton states Lawson "has lied about me. Scared me to point of having heart attack. Has brainwashed my mother [and] is abusing her." (*Id.* at 4.) Melton seeks $300,000 in damages. (*Id.*)

///

### A. Short, Plain Statement

As a preliminary matter, Melton's complaint is rambling, nonsensical, and filled with incomplete sentences. Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). Here, Melton's largely incomprehensible narrative makes it nearly impossible for the Court to identify the factual or legal basis for her claims. Nonetheless, given Melton's *pro se* status, the Court will attempt to address the claims in Melton's complaint.

### B. A *Pro Se* Party Cannot Represent Other Parties

It appears Melton may be filing this lawsuit not only on her behalf, but on her mother's behalf as well. The claims for "elder abuse" and "financial exploitation" seem to be related to Melton's mother, not to Melton herself. As a rule, *pro se* parties may not pursue claims on behalf of others in a representative capacity. *See, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 665 (9th Cir. 2008) (collecting cases); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing *in propria persona* has no authority to represent anyone other than himself."). Only a licensed attorney—an active member of the State Bar of Nevada admitted to practice under the Nevada Supreme Court Rules ("SCR")—is duly authorized to represent a client in Nevada. *Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (citing NRS 7.285). Although an individual is entitled to represent himself in the district court, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in Nevada courts. *Salman v. Newell*, 885 P.2d 607, 608 (Nev. 1994) (citing SCR 44). Therefore, an individual "has no right to be represented by an agent other than counsel in a court of law." *Martinez v. Eighth Jud. Dist. Ct.*, 729 P.2d 487, 488 (citing SCR 77; NRS 7.285).

### C. Claims for Libel, Elder Abuse, and Financial Exploitation

To the extent Melton is pursuing claims related to criminal libel (NRS 200.510),

elder abuse (NRS 200.5099), and financial exploitation, these claims sound in criminal law. However, a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, these claims should be dismissed as they fail to state a claim as pled.

### D. Court Lacks Subject Matter Jurisdiction Over Purely State Law Claims

Notwithstanding the above, the Court finds that it lacks subject matter jurisdiction over this case, as the only claims alleged in the Complaint are for state law issues. Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, for the court to have original federal subject matter jurisdiction, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.") Alternatively, the Court may exercise supplemental jurisdiction in certain cases. *See* 28 U.S.C. § 1367.

For the Court to have federal question jurisdiction, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). Here, Melton's claims for defamation, slander, and civil libel are governed by state law. *See Lubin v. Kunin*, 17 P.3d 422, 425 (Nev. 2001) (detailing elements of defamation under Nevada law)); *Bongiovi v. Sullivan*, 138 P.3d 433, 448 (Nev. 2006) (detailing elements of slander under Nevada law); *Wynn v. Smith*, 16 P.3d 424, 427 (Nev. 2001) (detailing elements of civil libel under Nevada law). Accordingly, because there is no "issue of federal law" raised by Melton's claim for relief, there can be no federal question jurisdiction over this claim. *Id*.

As for diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States." 28 U.S.C. § 1332. Furthermore, the diversity jurisdiction statute "applies only to cases in which the

citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, the Court lacks diversity jurisdiction because both Melton and Lawson are citizens of Nevada and thus there is no diversity of citizenship. (ECF No. 1-1.)

Finally, the Court also finds that it lacks supplemental jurisdiction over the state law claims. Courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(b). However, as discussed above, the Court lacks original jurisdiction over the state law claims. Because supplemental jurisdiction requires that the Court have original jurisdiction over at least one *other* claim, the Court may not exercise supplemental jurisdiction over the state law claims.

In sum, the Court lacks subject matter jurisdiction over Melton's claims and therefore the complaint should be dismissed for lack of subject matter jurisdiction.

**IV.    CONCLUSION**

For good cause appearing and for the reasons stated above, the Court recommends that the application to proceed *in forma pauperis*, (ECF No. 1), be granted, and the complaint, (ECF No. 1-1), be dismissed, without leave to amend.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint, (ECF No. 1-1), be **DISMISSED, WITHOUT LEAVE TO AMEND**; and,

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED,** and that judgment be entered accordingly.

**DATED**: January 20, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**